IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE and SHIRLEY LOWE-GRIFFITH,<br>　　　Plaintiffs,<br><br>v.<br><br>UHF MAGNOLIA TRACE LP, BRIDGETTE RAINEY, and SUNCHASE AMERICAN, LTD.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:14-CV-1460-M-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management pursuant to *Special Order 3*. The Court now considers Defendants' *Motion to Dismiss*. Doc. 59. For the reasons discussed below, it is recommended that Defendants' motion be **GRANTED**, and Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

In March 2013, a disabled Plaintiff Shirley Lowe-Griffith ("Plaintiff Lowe-Griffith") applied for housing with Defendant Sunchase American, Ltd. ("Sunchase"), the management company for UHF Magnolia Trace LP ("Magnolia Trace"). Doc. 56 at 1. Plaintiff Lowe-Griffith also applied for permission to retain a live-in aide. Doc. 56 at 22. Plaintiff Sherri R. Lowe ("Plaintiff Lowe") signed the Live-In Care Attendant Affidavit, which stated in relevant part that Plaintiff Lowe "would not otherwise be living in this unit EXCEPT to provide the necessary support and care to allow [Plaintiff Lowe-Griffith] to live independently," and that Plaintiff Lowe "understand[s] that [she has] no survivorship rights to [the] unit." Doc. 56 at 22. On April 20, 2013, Plaintiff Lowe-Griffith signed a lease agreement to live in the Magnolia

1

Trace Apartments, witnessed by Defendant Bridgett Rainey ("Rainey"), Sunchase Manager. Doc. 56 at 21.

Plaintiffs were not granted leave to amend their *First Amended Complaint,* Doc. 32, but filed their *Second Amended Complaint,* Doc. 56, contemporaneously with their *Response to Defendants' First Motion to Dismiss,* Doc. 55. However, Defendants have filed their *Motion to Dismiss Plaintiffs' Second Amended Complaint,* Doc. 59, and this Court will address Defendants' motion on the merits.

The claims in Plaintiffs' *Second Amended Petitio*n ("Complaint") arise from Plaintiff Lowe-Griffith's tenancy at Magnolia Trace Apartments and Plaintiff Lowe's stay as a live-in aide. Specifically, Plaintiff Lowe contends that she was denied a parking sticker, remote gate access, and access to property facilities. Doc. 56 at 2. Plaintiff Lowe also avers that as a result of meeting with Defendants, she was followed by unknown persons on more than one occasion. Doc. 56 at 3. Plaintiffs claim that tenants of Magnolia Trace Apartments blocked the sidewalks as they entered and exited the apartment, and that they were approached by a Magnolia Trace Apartment security officer on one occasion. Doc. 56 at 2-3. Additionally, Plaintiffs insist that Defendants discriminated against them on the basis of disability and/or race. Doc. 56 at 5. Plaintiffs ask this Court to award compensatory, punitive, and exemplary damages. Doc. 56 at 13.

## I. MOTION TO DISMISS UNDER 12(b)(1)

### A. *Legal Standard*

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, without jurisdiction conferred by statute, they lack

the power to adjudicate claims.  *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim.  *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The reason the Court must first address subject-matter jurisdiction is that, without it, the case can proceed no further.  *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Ramming*, 281 F.3d at 161.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue.  *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true.  *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

"To raise a claim in federal court, plaintiffs must demonstrate both that a federal court will have jurisdiction over their claim, and also that they (the plaintiffs) have a right of action to initiate that claim."  *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015).  Standing is an essential element for determining a right to bring a claim in federal court.  *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("standing is an essential and

3

unchanging part of the case-or-controversy requirement of Article III")).  To satisfy the standing requirement, a party generally needs to demonstrate "a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination."  *Contender Farms, L.L.P. v. United States Dep't of Agric.*, 779 F.3d 258, 264 (5th Cir. 2015) (quoting *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007)).

For each claim, Plaintiffs must demonstrate that they satisfy the three constitutional requirements of standing: (1) injury in fact; (2) causation; and (3) redressibility.  *Bennett v. Spear*, 520 U.S. 154, 167 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013); *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 303 (5th Cir. 2001).  The injury-in-fact requirement must implicate "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.

### B. *Plaintiff Lowe Lacks Standing*

Plaintiff Lowe alleges violations of the ADA, the Rehabilitation Act, and the FHA.  Doc. 56 at 6-9.  To have standing, a plaintiff who alleges violations of the ADA and the Rehabilitation Act must show that she herself is among the disabled.  *See Hooker v. Dallas Indep. Sch. Dist.*, No. 3:09-CV-1289-D, 2010 WL 4025877, at *3 (N.D. Tex. Oct. 13, 2010) (Fitzwater, J.) (finding that parents could not bring a claim under ADA or the Rehabilitation Act on behalf of a child because the parents were not themselves disabled).  Allowing a plaintiff to bring claims for violations of ADA based on another's disability "would expand the standing doctrine beyond the limits of Art. III."  *Ass'n for Disabled Americans v. 7-Eleven, Inc.*, No. 3:01-CV-0230-H, 2002

4

WL 546478, at *4 (N.D. Tex. Apr. 10, 2002) (Sanders, J.) (quoting *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000).

Likewise, the FHA, in the context of protection for disabled persons, makes it unlawful to "discriminate in the sale or rental . . . [or] in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of-- (A) that buyer or renter; (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1)-(2) (emphasis added). Notably, this provision only offers protections to those discriminated against on the basis of their own handicap.

In this case, Plaintiff Lowe has not alleged, nor has she proven that she is disabled. *See* Doc. 56 at 5. Therefore, she does not have standing to claim violations or protection under the ADA, the Rehabilitation Act, or the Federal Housing Act ("FHA") on the basis of disability. Plaintiff Lowe has only shown that she is a "Black American," Doc. 56 at 5, however, to have standing under the FHA, she must show that she was discriminated against in the sale, rental, or privileges of sale or rental of a dwelling on the basis of her race. *See* 42 U.S.C. § 3604(f); *see also Sims v. Tex. Dep't of Hous. & Cmty. Affairs*, No. CIV.A. H-05-2842, 2005 WL 3132184, at *3 (S.D. Tex. Nov. 21, 2005) ("[Plaintiff] has not alleged that defendants . . . interfered with any attempt he made to purchase or rent land. [Plaintiff] has not alleged any injury cognizable under the Fair Housing Act."). Further, Plaintiff Lowe was not discriminated against in the sale or rental of a dwelling or the privileges thereof, because she did not attempt to rent an apartment from Defendants. *See* Doc. 56 at 1, 16. Nor was she discriminated against in the privileges of

rental because she was not a tenant. Doc. 56 at 22. Plaintiff Lowe lacks standing to bring a claim under the FHA.[1]

The remaining claims are based on property rights under Texas state law. Doc. 56 at 7-13. But as Plaintiff Lowe is not a tenant and no property interests were created by the Live-In Care Attendant Affidavit, she does not have a legally protected interest, and thus she does not have standing. Doc. 56 at 22.

Accordingly, the Court concludes that Plaintiff Lowe does not have standing, thus, this Court lacks subject matter jurisdiction over all of Plaintiff Lowe's claims. *See Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

## II.   MOTION TO DISMISS UNDER 12(b)(6)

### A.  *Legal Standard*

A complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true, but need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In order to overcome a Rule 12(b)(6) motion, a complaint should plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also*

---

[1] Plaintiffs make fleeting references to the Texas Fair Housing Act, Doc. 56 at 7-8, but as the Texas Fair Housing Act is nearly identical to the Federal Fair Housing Act, and only differs in wording that would not change the standing analysis, Plaintiff Lowe also lacks standing to bring a claim under the Texas Fair Housing Act. *See* TEX. PROP. CODE § 301.021(a)-(b).

*Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (same).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Iqbal*, 556 U.S. at 678.

### B.  *Plaintiffs Failed to State a Claim Upon Which Relief Can Be Granted*

Plaintiffs' complaint contains the vague and conclusory statement that "defendants acted intentionally and maliciously and were guilty of willful and wanton disregard of rights and feelings of plaintiffs."  Doc. 56 at 4.  Plaintiffs have failed to plead enough facts to render their claim plausible, and therefore, Defendants' Rule 12(b)(6) Motion to Dismiss should be granted.

#### i.  Plaintiffs' Discrimination Claims

In their complaint, Plaintiffs allege discrimination under the Americans with Disabilities Act, the Rehabilitation Act, and the FHA in Counts One, Two, Three, Five, Six, Seven, and Eight.  Doc. 56 at 6-12.  As discussed above, Plaintiff Lowe cannot sustain an action against Defendants based on discrimination for a disability, because she lacks standing.

As the basis for her discrimination claims, Plaintiff Lowe-Griffith contends: (1) that tenants of Magnolia Trace Apartments blocked the sidewalk as she entered and exited her apartment on at least one occasion; and (2) that a Magnolia Trace Apartment security guard approached Plaintiffs while they were going to their apartment and said, "I am watching you.  Do you hear me?  I said, I am watching you."  Doc. 56 at 2-3.  However, tenants of Magnolia Trace Apartments, not parties in this case, acting to block the sidewalk does not "allow[] the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).  Additionally, there is no factual allegation that connects the statement of the apartment security guard to discrimination based on disability or race.

Furthermore, Plaintiff Lowe-Griffith does not allege that Defendants denied her any rights or privileges based solely on her disability or race; nor does she allege sufficient facts to infer that Defendants denied a reasonable accommodation. The complaint only states the Plaintiff Lowe—who is not a tenant at Magnolia Trace Apartments—was denied access to the clubhouse and other common areas. Doc. 56 at 7. The pleadings do not allege that Plaintiff Lowe-Griffith, the actual tenant, was ever denied access to any facilities or amenities. *See* Doc. 56 at 7. Additionally, Plaintiff Lowe-Griffith does not assert that she made any request for an accommodation other than her live-in aide request, and that request was granted by the Defendants. Doc. 56 at 1.

### ii. Plaintiffs' Due Process Claim

In addition to their discrimination claims, Plaintiffs also contend in Count One and Six that Defendants violated Plaintiffs' rights under the Equal Protection Clause, 42 U.S.C. § 1983, and the Rehabilitation Act of 1973, 29 U.S.C. § 794. Doc. 56 at 11-12. One essential element of a claim under Section 1983 requires Defendants to have acted under color of law. 42 U.S.C. § 1983. In this case, Plaintiffs do not allege, and Defendants deny, that Defendants are government actors. Doc. 56 at 11; Doc. 60 at 8-9.

Moreover, a plaintiff seeking relief under the Rehabilitation Act or the ADA is foreclosed from resorting to the more general protection of 42 U.S.C. § 1983. *D.A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 456 (5th Cir. 2010) (citing *Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999)).

**Plaintiffs' State Law Claims**

Plaintiffs also allege violations of Texas state law. Doc. 56 at 7-13. Namely, Plaintiffs claim constructive eviction (Count Four), negligence (Count Nine), and violations of the Texas Fair Housing Act (Counts One, Two, and Eight). Doc. 56 at 7-13.

One essential element of a claim of constructive eviction is abandonment of the property. *Daftary v. Prestonwood Mkt. Square, Ltd.*, 404 S.W.3d 807, 814 (Tex. App.—Dallas 2013, pet. denied). Nothing in the pleadings suggests that Plaintiffs abandoned the property, but to the contrary, Plaintiffs were evicted in accordance with Texas Law. Doc. 56 at 34-40.

Plaintiffs' negligence claim is based on an assertion that Defendants failed to make facilities accessible in breach of their "legal duty to perform an act for disable person [sic] and live-in aide." Doc. 56 at 13. Because Plaintiffs' negligence claim is vague and conclusory, it does not meet the standards of pleading contemplated under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs also allege that Defendants violated the Texas Fair Housing Act. Tex. Prop. Code §§ 301.021-301.025; Doc. 56 at 7-8. In Count One, Plaintiffs charge Defendants with failing to provide "an accessible route into and through the dwelling." *See* Tex. Prop. Code § 301.025(c)(3)(C)(i). However, there are no factual allegations that allow this Court to reasonably infer that Defendants did not provide an accessible route. The only factual allegation that could marginally suggest that Plaintiff Lowe-Griffith did not have an accessible route was that other tenants of Magnolia Trace Apartments blocked the sidewalks on at least one occasion. Doc. 56 at 2. However, as stated above, Plaintiffs failed to plead any facts from which the Court can infer that Defendants even had knowledge of the incident.

In Count Two, Plaintiffs allege that Defendants refused to make a reasonable accommodation.  *See* TEX. PROP. CODE § 301.025(c)(2).  But as addressed previously, Plaintiff Lowe did not require any accommodations because she is not disabled or a tenant; and Plaintiff Lowe-Griffith did not put forth any facts suggesting that she requested an accommodation and was denied.  Doc. 56 at 1, 5.

Finally, Count Eight is nothing more than a conclusory statement that Defendants committed "an act of housing discrimination."  Doc. 56 at 12.  But Plaintiffs did not plead sufficient facts to support this conclusion.

Accordingly, the Court concludes that Plaintiffs failed to state a claim upon which relief can be granted by relying on conclusory statements and failing to plead sufficient facts to render their claim plausible on its face.  Accordingly, Plaintiffs' claims should be dismissed.

### III.   LEAVE TO AMEND

Ordinarily, Plaintiffs should be granted leave to amend their complaint prior to dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.").  Here, however, Plaintiffs have already filed *two* amended complaints.  Doc. 32; Doc. 56.  That fact notwithstanding, as detailed herein, none of Plaintiffs' claims are legally cognizable and, therefore, they fail as a matter of law.  Under these circumstances, granting leave to amend would be futile and cause needless delay.  *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

Accordingly, all of Plaintiffs' claims should be dismissed with prejudice. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## CONCLUSION

For the reasons stated above, Defendants' *Motion to Dismiss*, Doc. 59, should be **GRANTED**, Plaintiffs' claims should be **DISMISSED WITH PREJUDICE**, and this case should be **CLOSED**.

**SO RECOMMENDED** on December 10, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE